**Cherno BARRIE, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**No. 07–1771–ag.**

United States Court of Appeals, Second Circuit.

Feb. 28, 2008.

Theodore Vialet, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Emily Anne Radford, Assistant

Director; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges.

Cherno Barrie, a native and citizen of Sierra Leone, seeks review of a March 29, 2007 order of the BIA affirming the July 6, 2005 decision of Immigration Judge ("IJ") George T. Chew, pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In Cherno Barrie,* No. A95 837 719 (B.I.A. Mar. 29, 2007), *aff'g* No. A95 837 719 (Immig. Ct. N.Y. City Jul. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for the decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). However, when the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA agreed with the IJ's conclusion that Barrie was not credible, and the IJ's pretermission of his application for asylum, but made no finding as to changed country conditions. Accordingly, we review only the IJ's findings that were affirmed by the BIA. *See id.*

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004).

■ The Immigration and Nationality Act requires that asylum applicants demonstrate "by clear and convincing evidence" that they filed their applications within one year after the date of their arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review administrative determinations regarding this provision, except to the extent that the petitioner raises a constitutional claim or a question of law. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Here, Barrie challenges only the IJ's weighing of the evidence regarding the date of his entry. Because Barrie has failed to raise a constitutional claim or a question of law, we lack jurisdiction to review his challenge to the IJ's pretermission of his asylum application and dismiss the petition for review to that extent.

■ With respect to Barrie's withholding of removal and CAT claims, we find that the agency's adverse credibility determination is supported by substantial evidence. We generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted). Here,

while Barrie testified that he received both his passport and his birth certificate on the same day, these documents bear issuance dates two years apart. This inconsistency is material, as it goes to Barrie's identity. *See Borovikova v. United States Dep't of Justice,* 435 F.3d 151, 158 (2d Cir.2006) (holding that the failure to establish identity is alone sufficient grounds to deny asylum-related relief). Therefore, the agency's reliance on this inconsistency in making its adverse credibility determination was proper. *Zhou Yun Zhang,* 386 F.3d at 74.

Moreover, as the agency observed, Barrie claimed in his original and amended asylum applications—both prepared by the same law office—that he had a brother named Abdoulaye Barrie. However, Barrie testified that he did not, in fact, have a brother. When pressed to explain this discrepancy, Barrie responded that "[i]t's a mistake, I don't have a brother." [1] This inconsistency is material to Barrie's claim when measured against the record as a whole in that it also goes to his identity. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Even if the identified inconsistencies were ancillary to Barrie's claim, they cumulatively provided substantial evidence in support of the IJ's adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted) (holding that the cumulative effect of discrepancies that, if taken separately, concern matters collateral or ancillary to the claim, may nevertheless be deemed consequential by the fact-finder). Therefore, we find that the agency's denial of Barrie's application for withholding of removal was proper.

Finally, because Barrie bases his claim for CAT relief on the same factual predicate as his withholding of removal claim, and the IJ found that claim to lack credibility, his CAT claim necessarily fails. *See Paul v. Gonzales,* 444 F.3d 148, 157 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.

---

1. In his brief to this Court, Barrie argues that in Africa, the term "brother" is much broader than in this country, and can include cousins and even close friends. However, he made no such argument before the agency. As such, we decline to consider this argument in the first instance. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (b) (2d Cir. 2007).